UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROSS A. FIORANI, *et al.*,

Plaintiffs,

v.

Civil Action No. 3:14-CV-216

COMMONWEALTH OF
VIRGINIA, *et al.*,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Ross A. Fiorani's Motion to Proceed *in Forma Pauperis* ("IFP"). (ECF No. 1.) For the reasons that follow, Plaintiff's IFP Motion will be GRANTED and his Complaint will be DISMISSED under 28 U.S.C. § 1915(e)(2).

### I.   Background

On March 26, 2014, Plaintiff filed an IFP Motion along with a Complaint against the Commonwealth of Virginia, Commissioners of the Treasury, DMV, MVDB, VITA, and VITA's agents Mr. Canary, Ms. Brown, Ms. Wood-Henry, Ms. Estes, and Mr. Sam Nixon. Plaintiff seeks damages on behalf of himself and Navy Federal Credit, American Express Bank, Barclays Bank, TD Bank, Allstate Insurance Company, the Virginia Tax Department, the Fairfax County Tax Authority, and Capital One. Plaintiff acknowledges that he filed related civil suits between December 2011 and September 2013. Plaintiff indicates that from February 2013 to November 22, 2013, the defendants (primarily VITA) interfered with his activities related to his work cellphone. Specifically, he alleges that Defendants criminally failed to initiate cellphone service or reconnect his cellphone, thus, causing him financial harm because he was unable to work. Plaintiff argues that he is entitled to relief under Virginia Code §§ 18.2-22, -499, and -500. Plaintiff represents that on August 25, October 28, and November 1, 2013, he served "the State of

Virginia defendants" with "service of a copy of the complaint of default judgment, declaratory judgment to the States Attorney General of Virginia, Inspector General of Virginia, and each Commissioner of the DMV, MVDB, and CPD." (Pl.'s IFP Mot. Ex. 1, at 5). Plaintiff then goes on to assert that, because no Defendant replied or answered, Plaintiffs are owed damages under 18 U.S.C. §§ 1512, 1962(c), and 1963(b), in the amount of $1,670,000.00. Plaintiff Fiorani asserts that he is personally owed $620,000.00.

## II.   Discussion

### A.  Initial Filing

Plaintiff is under a pre-filing injunction issued by United States District Judge Bryan, sitting in the Alexandria Division of the United States District Court for the Eastern District of Virginia. Pursuant to that pre-filing injunction:

> Plaintiff is enjoined from filing future actions in federal district court without prior leave of court. In addition, any future requests for leave of court must be accompanied by copies of the pleadings and ruling in such cases arising out of or related to plaintiff's attempt to purchase a 1997 Ford Crown Victoria car with law enforcement features from Crystal Ford.

*Fiorani v. 1st Advantage Fed. Credit Union*, No. 4:08CV109, 2009 WL 6305779, at *1 (E.D. Va. Feb. 5, 2009), *aff'd*, 326 F. App'x 171 (4th Cir. 2009) (quoting *Fiorani v. Metcalf*, CA No. 1:00-619-A (E.D. Va., May 12, 2000)). As a procedural matter, this action was initiated prior to the Court's knowledge of the pre-filing injunction against Fiorani. Plaintiff did not file copies of pleadings and ruling in such cases arising out of or related to plaintiff's attempt to purchase a 1997 Ford Crown Victoria car with law enforcement features from Crystal Ford. However, because Fiorani's Motion is already before the Court, Fiorani's IFP Motion shall be deemed properly filed, and this Court will grant Fiorani the ability to file the instant action because his Motion and attached Complaint appear to comport with the pre-filing injunction.

### B.  Ability to Pay Fees

In support of his Motion, Plaintiff submitted a financial affidavit attesting to his assets and inability to pay the required filing fees. Plaintiff's financial affidavit barely shows that he

meets the IFP standard. *See* 28 U.S.C. § 1915(a) (providing federal courts with authority to grant an IFP where a person submits an affidavit showing "the person is unable to pay such fees or give security therefor"). Plaintiff represents that he has no cash or property whatsoever and a total debt of $38,600.00. Plaintiff also indicates that he is unemployed as of November 2013. Plaintiff is married but reportedly does not know his wife's income. Additionally, Fiorani apparently has no monthly expenses and is still able to afford to live in Kingstowne, Virginia. Upon due consideration, the Court concludes that Plaintiff is unable to pay the required fees. Accordingly, the Court will GRANT the Motion and DIRECT the Clerk to file the Complaint attached to the Motion. *See* 28 U.S.C. § 1915(a)(1).

### C.  Sufficiency of the Complaint

### 1.Standard of Review

Under 28 U.S.C. § 1915(e)(2), a district court has the authority to dismiss a complaint *sua sponte* that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Johnson v. Baskerville*, 568 F. Supp. 853, 856 (E.D. Va. 1983) (dismissing *pro se* complaint *sua sponte*). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Jones v. Link*, 493 F. Supp. 2d 765, 768 (E.D. Va. 2007) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)). To survive dismissal, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949* (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### 2.   Procedural and Standing Issues

As an initial matter, contrary to Plaintiff's representations, there is no indication that any related default judgment has been rendered against any of the Defendants. Second, Plaintiff may not serve process prior to the proper initiation of an action in this Court. Third, Plaintiff is not an agent of the Commonwealth of Virginia and cannot assert standing on its behalf. Additionally, there is also no indication that Fiorani is an agent of the other private Plaintiffs in this action.

### 3.   Virginia Code Sections 18.2-499 and -500

Here, Plaintiff has failed to allege sufficient facts to support his claim regarding Virginia Code §§ 18.2-499 and -500. The provisions § 18.2–500 provide civil relief, including treble damages, for persons "injured in his reputation, trade, business or profession by reason of a violation of § 18.2–499." Va. Code § 18.2-500. In turn, Virginia Code § 18.2–499 imposes criminal liability on:

> [a]ny two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act.

Va. Code § 18.2-499. The necessary elements to establish a prima facie case are: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 318 (Va. 2014) (quoting *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985)). Here, Fiorani refers generally to a "work" cellphone and that Defendants' actions purportedly interfered with his "work." However, there is no indication of a valid contractual relationship or business expectancy. Accordingly, the allegations in the Complaint have not been plausibly alleged and will be dismissed.

### 4.   Virginia Code Section 18.2-22

Fiorani also asserts that Defendants violated section 18.2-22, which is a penal statute regarding conspiracy to commit a crime. However, Fiorani has no standing to enforce this penal statute because it does not contain a private right of action. *See Comfort v. City of Norfolk*, No. CL10–52882011, 2011 WL 7478303, at *2 (Va. Cir. Ct., Jan. 6, 2011). As such, this claim has no merit and will be dismissed.

//

### III.    Conclusion

For the above reasons, Plaintiff's IFP Motion will be GRANTED and Plaintiff's Complaint will be DISMISSED pursuant to 28 U.S.C. § 1915(e).

Let the Clerk send a copy of this Memorandum Opinion to Fiorani. An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___1st___ day of April 2014.

5